IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
SOUTHERN DIVISION

---

| | |
|---|---|
| **JOSHUA ALDEROTY,** individually and on behalf of all similarly situated individuals, 22780 Sweetspire Dr., Clarksburg, MD 20871 (Montgomery County, MD)<br><br>Plaintiffs,<br>v.<br><br>**MAXIM HEALTHCARE SERVICES, INC.,** a Maryland Corporation, 7227 Lee Deforest Dr., Columbia, MD 21046 (Howard County) *c/o* Resident Agent: Toni-Jean Lisa 7227 Lee Deforest Dr., Columbia, MD 21046 (Howard County)<br><br>Defendant. | Case No.: _____<br><br>**PLAINTIFF'S COLLECTIVE AND CLASS ACTION COMPLAINT AND JURY DEMAND** |

---

## PLAINTIFF'S COLLECTIVE AND CLASS ACTION COMPLAINT AND JURY DEMAND

Plaintiff, Joshua Alderoty, individually and on behalf of all other similarly situated employees, by and through his undersigned attorneys, bring this Complaint against Defendant, Maxim Healthcare Services, Inc. ("Defendant"), and states as follows:

### I.  INTRODUCTION

1. This is a class and collective action to recover unpaid overtime wages.

2. Plaintiff has pled a cause of action under the Fair Labor Standards Act of 1938, 29 U.S.C. § 201, *et seq.* ("FLSA").

3. Additionally, pursuant to Fed. R. Civ. P. 23, Plaintiff brings this action on behalf of current and former salaried Senior Recruiters who worked in Maryland during the applicable statutory time period.

4.      Plaintiff, on behalf of the putative Class members, contends Defendant violated the FLSA and the Maryland Wage and Hour Law, Md. Code Ann. Lab. & Empl. § 3.401, *et seq.* by knowingly suffering or permitting Plaintiff and other similarly situated employees to work beyond the prescribed number of hours during a workweek without paying overtime compensation at a rate of one-and-one-half times the regular rate of pay.

5.      Plaintiff worked for Defendant in Maryland and, under Rule 23, seeks to represent all Senior Recruiters who worked in Maryland. Plaintiff also seeks to represent all of Defendant's Senior Recruiters nationwide under the FLSA, pursuant to 29. U.S.C. §216(b).

6.      Plaintiff seeks a declaration that his rights and those of others similarly situated (the "Class") have been violated; and award of unpaid wages; an award of liquidated damages; an award of attorneys' fees and costs to make him whole for damages he suffered; and to help ensure that he and future workers will not be subjected by Defendant to such illegal conduct in the future.

## II.    PARTIES

7.      Plaintiff, Joshua Alderoty, resides at 22780 Sweetspire Dr., Clarksburg, Maryland 20871 (Montgomery County, Maryland). Mr. Alderoty was employed by Defendant from November 2010 to September 2012, and his consent form is attached hereto as *Exhibit A*.

8.      Defendant, Maxim Healthcare Services, In., is a Maryland corporation which, through hundreds of office locations nationwide, provides in-home personal care, management and/or treatment of a variety of conditions by nurses, therapists, medical social works, and home health aids. See the Defendant's web site located at http://www.maximhealthcare.com/services/.

9.      On its website, Defendant holds itself out as "committed to the highest standards of ethics and integrity and has ongoing commitment that business is conducted in accordance with applicable laws, standards, and sound ethical business practices." See http://wwwmaximhealthcare.com/about-us/.

### III. JURISDICTION AND VENUE

10. This Court has subject-matter jurisdiction over Plaintiff's FLSA claims pursuant to 29 U.S.C. § 216(b), which provides that suit under the FLSA "may be maintained against an employer … in any Federal or State court of competent jurisdiction."

11. This Court also has jurisdiction over Plaintiff's claims pursuant to the Class Action Fairness act of 2005, 28 U.S.C. § 1332(d). The aggregate claims of the individual Class members exceed the sum value of $5,000,000.00 exclusive of interest and costs. There are believed to be in excess of 100 Class members, and this is a case in which more than two-thirds of the proposed Class members and Defendant are citizens of different states.

12. This Court also has jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367 (supplemental jurisdiction) because those claims arise out of the same set of operative facts as Plaintiff's FLSA claims and would be expected to be tried in a single judicial proceeding with the federal claims.

13. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because Defendant conducts substantial business within this District, and because the actions and omissions giving rise to the claims pled in this Complaint occurred in this District.

### IV. GENERAL ALLEGATIONS

14. Plaintiff was employed by Defendant as a salaried Senior Recruiter from November 2011 to August 2012, and worked more than forty (40) hours per week during that time period.

15. Defendant had knowledge that Plaintiff worked more than the prescribed number of hours per week because Defendant's computer system reflected the times that the employees were logged in at the office. In addition to their full-time office hours, Senior Recruiters were required to work "on-call" for more than 20 hours per week.

16.     Instead of paying overtime wages for the time worked in excess of the prescribed number of hours, Defendant improperly classified its Senior Recruiters as exempt from the overtime provisions of the FLSA and Maryland wage laws.  However, during the relevant time period, the Senior Recruiters were classified as exempt employees by Defendant although these individuals did not regularly or customarily perform exempt job functions.

17.     Throughout his employment with Defendant as a Senior Recruiter, Plaintiff was regularly required to perform the following non-managerial and non-exempt duties, including: (1) assisting in the placement process for nurses by screening potential nursing candidates regarding their minimum qualifications and fitness for employment in accordance with the standards set forth by Defendant; (2) recruiting potential candidates from various internet sites and cold calls; (3) making himself available to answer the phone; (4) inputting payroll hours for billing purposes; (5) assisting in scheduling the nurses; (6) contacting insurance companies and schools for insurance authorization; (7) participating in sales calls and site visits with Defendant's Accounts Mangers; and (8) participating in orientation of new employees to present Defendant's policies.

18.     While Defendant considered Plaintiff's job duties to be exempt from overtime pay under the FLSA and Maryland wage laws, Plaintiff did not have the discretion, judgment, or ability to make decisions concerning hiring, firing, rates of pay, placement fees, job performance, disciplinary matters, or specific job duties. Instead, these significant matters were handled and decided by upper management like Branch Accounts Managers, Clinical Supervisors, and Regional Accounts Managers, and were performed in accordance with well-established and uniform business practices, policies, procedures and guidelines.

19. Defendant knew or should have known the FLSA administrative exemption, 29 U.S.C. § 213(a)(1)(defined at 29 C.F.R. § 541) and Md. Code Regs. § 09.12.41.01, does not exempt employees of businesses such as Defendant's that perform the job duties described above.

20. Nevertheless, in reckless disregard of the FLSA and Maryland wage laws, Defendant adopted and then adhered to its policy and plan of treating Plaintiff as exempt from overtime requirements. As a result, Plaintiff and all other similarly situated employees were denied overtime compensation due to them under the FLSA and Maryland wage laws.

IV. **COLLECTIVE ACTION ALLEGATIONS**

21. Plaintiff brings this action pursuant to the FLSA, 29 U.S.C. § 216(b) on his own behalf and on behalf of all similarly situated current and former Senior Recruiters of Defendant who are or were employed at any time in the last three years, worked over 40 hours per week, and were not paid overtime for hours worked more than 40 in a workweek.

22. Plaintiff does not bring this action on behalf of any executive, administrative, or professional employees exempt from coverage under the FLSA.

23. With respect to the claims set forth in this action, a collective action under the FLSA is appropriate because, under 29 U.S.C. § 216(b), the employees described are "similarly situated" to Plaintiff. The putative Class of employees on behalf of whom Plaintiff brings this collective action are similarly situated because (a) they have been or are employed in the same or similar positions; (b) they were or are subject to the same or similar unlawful practices, policy, or plan; and (c) their claims are based upon the same legal theory.

24. Plaintiff estimates the collective Class, including both current and former employees over the relevant period, will include hundreds, if not over a thousand, individuals. The Precise number of Class members should be readily available from a review of Defendant's personnel and payroll records.

25. The status of all individuals similarly situated to Plaintiff raises an identical legal question: Whether Defendant collectively misclassified these employees as exempt. This determination turns on the application of the administrative exemption, which looks at whether the employees' "primary duty includes the exercise of discretion and independent judgment with respect to matters of significance," 29 C.F.R. § 541.200.

26. Plaintiff shares the same interests in resolving these factual and legal questions as to every other similarly situated Class member, and each Class member's entitlement to overtime pay in this suit will hinge on the common resolution of these core misclassification questions.

27. The Class of similarly situated employees in this case under the FLSA, 29 U.S.C. § 216(b), is defined as follows: **All current and former salaried Senior Recruiters who were employed by Maxim Healthcare Services, Inc. at any time during the past three years.**

28. Given the material similarity of the putative Class members' claims, even if each Class member could afford to litigate a separate claim, this Court should not countenance or require the filing of hundreds of identical actions. Individual litigation of the legal and factual issues raised by Defendant's conduct would cause unavoidable delay, a significant duplication of efforts, and an extreme waste of resources. Alternatively, proceeding by way of a collective action would permit the efficient supervision of the putative Class members' claims, create significant economies of scale for the Court and the parties and result in a binding, uniform adjudication on all issues.

### IV.    CLASS ACTION ALLEGTIONS

29. Plaintiff brings this action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of the putative Class (hereinafter the "Maryland Class"). The Maryland Class is defined as follows:

30. All individuals who at any time during the applicable statutory period were employed by Maxim Healthcare Services, Inc. in the state of Maryland as salaried Senior Recruiters.

31. Plaintiff reserves the right to amend the putative class definition as necessary.

32. **Numerosity**: The members of the Maryland Class are so numerous that joinder of all members in the case would be impracticable. On information and belief, the number of Maryland Senior Recruiters numbers over 100 individuals.

33. **Commonality/Predominance**: There is a well-defined community of interest among Maryland Class members and common questions of both law and fact predominate in the action over any questions affecting individual members. These common legal and factual questions, include, but are not limited to, the following:

   i. Whether Maryland Class members are owed wages due under the Maryland Wage and Hour Law, Md. Code Ann. Lab. & Empl. § 3.401, *et seq.*; and

   ii. Whether Defendant's violations were willful.

34. **Typicality**: Plaintiff's claims are typical of those of the Maryland Class in that Plaintiffs and all other members suffered damages as a direct and proximate result of Defendant's common and systemic payroll policies and practices. Plaintiff's claims arise from Defendant's similar policies, practices, and course of conduct as all other Maryland Class members' claims and Plaintiff's legal theories are based on the same legal theories.

35. **Adequacy**: Plaintiff will fully and adequately protect the interests of the Maryland Class and Plaintiff has retained national counsel who are qualified and experienced in the prosecution of nationwide wage and hour class actions including two nearly identical cases against this Defendant. Neither Plaintiff nor his counsel have interests that are contrary to, or conflicting with, the interests of the Maryland Class.


36. **Superiority**: A class action is superior to other available methods for the fair and efficient adjudication of the controversy, because, *inter alia*, it is economically infeasible for Maryland Class members to prosecute individual actions of their own given the relatively small amount of damages at stake for each individual along with the fear of reprisal by their employer.

37. The case will be manageable as a class action. Plaintiff and his counsel know of no unusual difficulties in the case and Defendant has advanced networked computer and payroll systems that will allow the class, wage, and damages issues in the case to be resolved with relative ease.

38. Because the elements of Rule 23(b)(3), or in the alternative (c)(4), are satisfied in the case, class certification is appropriate. *Shady Grove Orthopedic Assoc., P.A. v. Allstate Ins. Co.,* 559 U.S. 393 (2010) ("[b]y its terms [Rule 23] creates a categorical rule entitling a Plaintiffs whose suit meets the specified criteria to pursue her claim as a class action").

### VII. CAUSES OF ACTION

#### A. VIOLATION OF THE FAIR LATOR STANDARDS ACT, 29 U.S.C § 201, *et seq.* FAILURE TO PAY OVERTIME WAGES

39. Plaintiff re-alleges and incorporates all previous paragraphs herein.

40. At all times relevant to this action, Defendant was an "employer" under the FLSA, 29 U.S.C. § 203(d), subject to the provisions of 29 U.S.C. § 201, *et seq*.

41. Defendant is engaged in interstate commerce or in the production of goods for commerce, as defined by the FLSA.

42. At all times relevant to this action, Plaintiff was an "employee" of Defendant within the meaning of the FLSA, 29 U.S.C. § 203(e)(1).

43. Plaintiff either (1) engaged in commerce; or (2) engaged in the production of goods for commerce; or (3) employed in an enterprise engaged in commerce or in the production of goods for commerce.

44. Defendant's salaried Senior Recruiter position is not exempt from the FLSA.

45. At all times relevant to this action, Defendant "suffered or permitted" Plaintiff to work and thus "employed" him within the meaning of the FLSA, 29 U.S.C. § 203(g).

46. The FLSA requires an employer to pay employees the federally mandated overtime premium rate of one and a half times their regular rate of pay for every hour worked in excess of forty (40) hours per workweek. 29 U.S.C. § 207.

47. Plaintiff, as part of his job as a Senior Recruiter, regularly worked more than 40 hours per week without receiving overtime pay.

48. Defendant violated the FLSA by failing to pay Plaintiff the federally mandated overtime premium for all hours worked in excess of forty (40) hours per workweek.

49. Upon information and belief, Defendant has corporate policies of evading overtime pay for its hourly workers.

50. Defendant's violations of the FLSA were knowing and willful.

51. By failing to compensate its workers at a rate not less than one and one-half times their regular rate of pay for work performed in excess of forty hours in a workweek, Defendant violated the FLSA, 29 U.S.C. § 201, *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a). All similarly situated employees are victims of a uniform and company-wide enterprise that operates to compensate employees at a rate less than the federally mandated overtime wage rate. This uniform policy, in violation of the FLSA, has been, and continues to be, applied to all employees who worked or are working for Defendant in the same or similar position as Plaintiff.

52. The FLSA, 29 U.S.C. § 216(b), provides that as a remedy for a violation of the Act, an employee is entitled to his or her unpaid overtime wages plus an additional equal amount in liquidated damages, costs, and reasonable attorneys' fees.

**B. SECOND CAUSE OF ACTION: VIOLATION OF THE MARYLAND WAGE AND HOUR LAW, MD. CODE ANN. LAB. & EMPL. § 3.401 *et seq.* (MARYLAND CLASS)**

53. Plaintiff re-alleges and incorporates all previous paragraphs herein.

54. At all times relevant to this action, Defendant was an "employer" under the Maryland Wage and Hour Law, Md. Code Ann. Lab. & Empl. § 3.401, *et seq.*

55. At all times relevant to this action, Plaintiff was an "employee" of Defendant within the meaning of the Maryland Wage and Hour Law, Md. Code Ann. Lab. & Empl. § 3.401, *et seq.*

56. Md. Code Ann. Lab. & Empl. § 3.415(a) provides in relevant part, "Except as otherwise provided in this section, each employer shall pay an overtime wage of at least 1.5 times the usual hourly wage, computed in accordance with § 3-420 of this subtitle."

57. Defendant's salaried Senior Recruiter position is not exempt from the overtime requirements of the Maryland Wage and Hour Law, Md. Code Ann. Lab. & Empl.§ 3.401, *et seq.*

58. Plaintiff, as part of his job as a Senior Recruiter, regularly worked more than 40 hours per week without receiving overtime pay.

59. Defendant violated the Maryland Wage and Hour Law, Md. Code Ann. Lab. & Empl. § 3.401, *et seq.* by failing to pay Plaintiff the mandated overtime premium for all hours worked in excess of forty (40) hours per workweek.

60. Upon information and belief, Defendant has corporate policies of evading overtime pay for its hourly workers.

61. Defendant's violations of the Maryland Wage and Hour Law, Md. Code Ann. Lab. &Empl. § 3.401, *et seq.* were knowing and willful.

62. Pursuant to Md. Code Ann. Lab. & Empl. § 3.507, Plaintiff and the Maryland class are entitled to damages in an amount equal to three times the wages owed to them along with reasonable attorneys' fees and costs.

63. As a result of Defendant's unlawful acts, Plaintiff and the Maryland Class were deprived overtime compensation.

64. As a result of Defendant's failure to pay wages earned and due, and its decision to withhold wages earned and due to Plaintiff and the Maryland Class members at a rate not less than one and one-half times the regular rate of pay for work performed in excess of forty (40) hours in a work week, Defendant violated and continues to violate the Maryland Wage and Hour Law, Md. Code Ann. Lab. & Empl. § 3.401, *et seq*.

65. Plaintiff, on behalf of himself and the Maryland Class members, seeks the amount of overtime underpayments based on Defendant's failure to pay one and one-half times the regular rate of pay for work performed in excess of forty (40) hours, as provided by the Maryland Wage and Hour Law, Md. Code Ann. Lab. & Empl. § 3.401, *et seq.*, and such other legal and equitable relief from Defendant's unlawful and willful conduct as the Court deems just and proper, including treble damages, attorneys' fees and costs, under Md. Code Ann. Lab. & Empl. § 3.507.

## VIII. **PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff request that the Court enter an Order:

> A. Certifying this case as a collective action in accordance with 29 U.S.C. § 216(b) with respect to the FLSA claims set forth above;
>
> B. Certifying a Maryland Class in accordance with Fed. R. Civ. P. 23(b)(3) with respect to the claims set forth above;
>
> C. Designating Plaintiff, Joshua Alderoty, as Class Representative;
>
> D. Appointing Sommers Schwartz, P.C. and Johnson Becker, PLLC as Interim Class Counsel with respect to Plaintiff's Rule 23 claims;

E. Declaring that Defendant willfully violated the Fair Labor Standards Act And its attendant regulations as set forth above;

F. Declaring that Defendant willfully violated the Maryland Wage and Hour Law, Md. Code Ann. Lab. & Empl. § 3.401, *et seq.*;

G. Granting judgment in favor of Plaintiff and against Defendant and awarding the amount of unpaid overtime wages calculated at the rate of one and one-half (1.5) times Plaintiff's regular rate multiplied by all hours that Plaintiff worked in excess of the prescribed number of hours per week for the past three years;

H. Awarding liquidated damages to Plaintiff, in an amount equal to the amount of unpaid overtime wages found owing to Plaintiff;

I. Award treble damages to Plaintiff, along with attorneys' fees and costs, under Md. Code Ann. Lab. & Empl. § 3.507;

J. Awarding reasonable attorneys' fees and costs incurred by Plaintiff in filing this action;

K. Awarding pre- and post-judgment interest to Plaintiff on these damages; and

L. Such further relief as this court deems appropriate.

## JURY DEMAND

Plaintiff, Joshua Alderoty, individually and on behalf of all others similarly situated, by and through his attorneys, hereby demands a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure and the court rules and statutes made and provided with respect to the above entitled cause.

Respectfully submitted,

Dated: August 11, 2014

Robert K. Jenner, Esq. (Bar No. 04165)
Justin A. Browne, Esq. (Bar No. 29164)
Janet, Jenner & Suggs, LLC
Commerce Centre East
1777 Reisterstown Road, Suite 165
Baltimore, Maryland  21208
(410) 653-3200
(410) 653-6903 (fax)
Rjenner@Myadvocates.com
Jbrowne@Myadvocates.com

*Pro Hac Vice to be Filed:*

Jason J. Thompson, Esq. (MI Bar No. P47184)
Jesse L. Young, Esq. (MI Bar No. P72614)
SOMMERS SCHWARTZ, P.C.
One Towne Square, Suite 1700
Southfield, Michigan 48076
248-355-0300
jyoung@sommerspc.com
jthompson@sommerspc.com

Timothy J. Becker, Esq. (MN Bar No. 256663)
Jacob R. Rusch, Esq. (MN Bar No. 391892)
JOHNSON BECKER, PLLC
33 South Sixth Street, Suite 4530
Minneapolis, Minnesota 55402
Telephone: (612) 436-1800
Fax: (612) 436-1801
tbecker@johnsonbecker.com
jrusch@johnsonbecker.com
*Trial Counsel for Plaintiffs*